## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## CENTRAL DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| PATRICIA ANN ALLOWAY, | ) | CHAPTER 13 |
| | ) | |
| Debtor | ) | CASE NO. 08-41582-JBR |
| | ) | |
| _____ | ) | |
| PHOEBE MORSE, | ) | |
| UNITED STATES TRUSTEE, | ) | |
| | ) | A.P. NO. 08-4132-JBR |
| Plaintiffs, | ) | A.P. NO. 08-1184-JBR |
| | ) | A.P. NO. 08-1198-JBR |
| v. | ) | A.P. NO. 08-1232-JBR |
| | ) | Consolidated Adversary Proceedings |
| DAVID COLEMAN d/b/a MORTGAGE, | ) | |
| FINDERS OF NEW ENGLAND, | ) | |
| | ) | |
| Defendant | ) | |

## MEMORANDUM OF DECISION

These proceedings arise in cases referred to this Court by the Standing Order of Reference entered in this District and are determined to be core proceedings pursuant to 28 U.S.C. § 157 (b)(2)(B). The Court is authorized to enter final judgments in these proceedings.

In reaching its determinations, the Court considered the demeanor and credibility of all witnesses who testified as well as the admitted exhibits and arguments and submissions of the parties. The Court found all witnesses credible.

These are multi-count actions involving alleged activities of the Defendant, David Coleman ("Coleman"), as a petition preparer without compliance with § 110 of the Bankruptcy Code. The Court accepts all facts agreed to in the Joint Pretrial Statement (Docket # 25) and stipulated on the record as proved.

The facts are not materially in dispute.  In fact, I can and do adopt the findings and

rulings proposed by the Plaintiff, the United States Trustee (docket #52), which are attached

hereto as Attachment 1.  At the conclusion of the two day consolidated trial in these matters the

Court requested that the parties submit proposed findings of fact and rulings of law if they

wished to do so; Counsel to the United States Trustee did so in a timely manner, Coleman did

not.  Several times prior to the trial the Court urged Coleman to retain counsel which he did not

do.  At the trial the Court again made that suggestion which Coleman ignored.

### Discussion

The Bankruptcy Code defines a "bankruptcy petition preparer" as "a person, other than

an attorney for the debtor or an employee of such attorney under the direct supervision of such

attorney, who prepares for compensation a document for filing."  11 U.S.C. § 110(a)(1).  A

"document for filing" is defined as "a petition or any other document prepared for filing by a

debtor in a United States bankruptcy court or a United States district court in connection with a

case under this title."

Section 110 contains several requirements that a bankruptcy petition preparer ("petition

preparer") must comply with.  A petition preparer must sign and print the petition preparer's

name and address on all documents that he prepares for filing.  11 U.S.C. § 110(b)(1).  A petition

preparer must also provide the debtor with a written notice informing the debtor that the preparer

"is not an attorney and may not practice law or give legal advice," which must be signed by the

debtor and by the preparer under the penalty of perjury and must be filed with any "document for

filing."  11 U.S.C. § 110(b)(2)(A).  A petition preparer, who is an individual, must also place the

petition preparer's social security number on documents that he prepares for filing.  11 U.S.C. §

110(c).  A petition preparer must provide the debtor with a copy of any document for filing not

later that when the document is presented for the debtor's signature. 11 U.S.C. § 110(d).

Finally, a petition preparer must file, together with the bankruptcy petition, a declaration under

the penalty of perjury disclosing the amount of fees received from the debtor. 11 U.S.C. §

110(h)(2).

Petition preparers who fail to comply with section 110 are subject to the imposition of

several penalties. If the bankruptcy court finds that a petition preparer "violate[d]" section 110

*or* committed any "fraudulent, unfair, or deceptive" act, the bankruptcy court *shall* order the

petition preparer to pay the debtor "(A) the debtor's actual damages; (B) the greater of- (i)

$2,000; or (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the

preparer's services; and (C) reasonable attorneys' fees and costs in moving for damages under

this subsection." 11 U.S.C. § 110(i)(1). The bankruptcy court may order a petition preparer to

disgorge all fees that were received in a case in which the petition preparer failed to comply with

subsections (b), (c), (d), (e), (f), or (g) of section 110. 11 U.S.C. § 110(h)(3)(B). The bankruptcy

court may fine a petition preparer up to $500 for *each* failure to comply with (b), (c), (d), (e), (f),

(g), or (h) of section 110. 11 U.S.C. § 110(l)(1). Any fines assessed under § 110(l)(1) *shall* be

tripled if a petition preparer "prepared a document for filing in a manner that failed to disclose

the identity of the bankruptcy petition preparer." 11 U.S.C. § 110(l)(2)(D). Finally, the

bankruptcy court may enjoin a person from acting as a petition preparer if the petition preparer

"continually engaged" in (1) "conduct in violation of [section 110] or any provision of [the

Bankruptcy Code," (2) misrepresentations of the "preparer's experience or education as a

bankruptcy petition preparer" or (3) "other fraudulent, unfair, or deceptive conduct." 11 U.S.C.

§ 110(j)(2)(B).

3

Coleman never denied the facts asserted by the United States Trustee, only her ultimate conclusion that he was and is a "petition preparer." Coleman argued that he was not a "petition preparer" because (1) he was hired to do other tasks and the petition preparation was just a means to and incidental to that end; (2) he did what he promised, i.e. stopped the imminent foreclosure; and (3) he helped many people. This argument is without merit as the case law has established that completion of tasks in addition to preparing a bankruptcy petition does not take a person outside the statutory definition of "petition preparer." *See In re Nieves*, 290 B.R. 370, 374-78 (Bankr. C.D. Cal. 2003) (finding that defendant was bankruptcy petition preparer notwithstanding argument that he was hired by debtors for debt counseling, rather than preparation of bankruptcy documents); *In re Crowe*, 243 B.R. 43, 49-50 (B.A.P. 9th Cir. 2000) (finding that author of instructional book on bankruptcy forms was a petition preparer within the meaning of § 110 because the author offered to prepare petitions for readers if they were unable to do so). While the Court believes Coleman's contention that he prevented (or delayed for a time) the foreclosure of many of his clients' homes, it does not exempt him from the commands of section 110, nor does the brief delay create value for the $1,000 fee that he charged.

The facts at trial, unchallenged by Coleman, established that Coleman filled out bankruptcy petitions for his clients and helped his clients file them with the Bankruptcy Court. Therefore, Coleman acted as a bankruptcy petition preparer within the meaning of section 110. Coleman did not sign nor did he write his name and address on the bankruptcy petitions that he prepared. Coleman did not give written notice to the debtors that he was not an attorney. Coleman did not list his social security number on the bankruptcy petitions that he prepared. Coleman did not provide the debtors with copies of documents that he prepared for filing, and he failed to file a declaration disclosing the amount of fees that he received. As such, Coleman

4

failed to comply with subsections (b)(1), (b)(2), (c), (d), and (h)(2) of section 110. The Court

rejects Coleman's defenses as they would be legally insufficient, even if proved. The Court,

however, notes that he did not meet his burden of proof on those alleged "defenses."

A separate judgment will issue finding for the United States Trustee and awarding

damages and sanctions and injunctive relief.

February 18, 2009

Joel B. Rosenthal

United States Bankruptcy Judge

# ATTACHMENT 1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

---

In re: PATRICIA ANN ALLOWAY,

Chapter 13
Case No. 08-41582-JBR

DEBTOR

---

PHOEBE MORSE,
UNITED STATES TRUSTEE

Adv. P. No. 08-4132-JBR
Adv. P. No. 08-1184-JBR
PLAINTIFF

Adv. P. No. 08-1198-JBR
Adv. P. No. 08-1232-JBR
Consolidated Adversary Proceeding

V.
DAVID COLEMAN d/b/a MORTGAGE FINDERS
OF NEW ENGLAND,

DEFENDANT

---

### PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

To the Honorable Joel B. Rosenthal, Bankruptcy Judge:

The Plaintiff, Phoebe Morse, United States Trustee, Region 1, by her attorney, hereby submits the following Findings of Fact and Conclusions of Law following the trial of this matter conducted on January 23, 2009 and January 30, 2009.

FINDING OF FACT

Representative Debtors

Susan Whitney Lewis, Chapter 13 Case No. 08-12974-JNF

1.      Susan Whitney Lewis ("Mrs. Lewis") resides with her husband, Samuel Lewis ("Mr. Lewis") and their children, at 2544 Centerville Turnpike, Chesapeake, VA 23322.

2.      On April 25, 2008, a voluntary Chapter 13 petition was filed in Mrs. Lewis' case. UST

1

Exhibit ("Ex.") 1.

3.    Neither Mrs. Lewis nor Mr. Lewis made the initial contact with David Coleman d/b/a

Mortgage Finders of New England ("Defendant").  The Defendant used information he obtained

from a foreclosure notice in the newspaper and made an unsolicited telephone call to Mr. Lewis.

Transcript Volume 2 ("Tr2"). p. 57.

4.    The Defendant informed Mr. Lewis that he was aware of the upcoming foreclosure of the

Lewis' rental property, which is located at 30 Central Street, Newbury, MA  01922.  The

Defendant told Mr. Lewis that he could help Mr. Lewis and Mrs. Lewis to consider their options

and to stop the foreclosure by filing a bankruptcy case.  Mr. Lewis was under the impression that

the Defendant was a lawyer.  The Defendant never asked Mr. Lewis to sign a statement or notice

indicating that he is not an attorney and cannot practice law or give legal advice.  The Defendant

never told Mr. Lewis that he is not a lawyer.  The Defendant informed Mr. Lewis that he was

experienced in filing bankruptcy cases.  Transcript Volume 1 ("Tr."). pp. 20-24, Tr2. pp. 57-58.

5.    Mr. Lewis first learned that the Defendant was not an attorney when Mrs. Lewis called

him from Boston after she had filed her Chapter 13 petition. Tr. p. 23.

6.    Mrs. Lewis met the Defendant for the first time in the lobby of the Thomas P. O'Neill Jr.

Federal Building ("O'Neill Federal Building").

7.    When Mrs. Lewis met with the Defendant she had little knowledge of the new

bankruptcy laws and procedures. Tr. p. 38.

8.    The Defendant collected his cash fee of $1,000 from Mrs. Lewis.  Tr2. p. 58.

9.    The Defendant's cash fee of $1,000 included payment to prepare Ms. Lewis' Chapter 13

petition and Official Form 1, Exhibit D.  Tr. pp. 41, 57.

10.    The Defendant instructed Mrs. Lewis to sign a general authorization form. UST Ex. 2

2

11.    Mrs. Lewis believed that she had signed a form giving the Defendant permission to handle her bankruptcy case. Tr. p. 46.

12.    Mrs. Lewis and Mr. Lewis trusted and relied on the Defendant to guide Mrs. Lewis through the entire bankruptcy process. Tr. pp. 24, 41, 47.

13.    Mrs. Lewis and Mr. Lewis understood that the Defendant was the person Mrs. Lewis was supposed to call if she had any questions or concerns regarding her bankruptcy case. Tr. pp. 24, 53.

14.    Mrs. Lewis never instructed the Defendant about which forms should be completed and filed with the Court and where to place her personal information on such forms.  Mrs. Lewis relied on the Defendant to choose the forms that were required by the Court and to place her personal information on such forms. Tr. pp. 46-47, 61.

15.    The Defendant completed Mrs. Lewis' bankruptcy petition in his own handwriting, checked off "Chapter 13"and wrote "must stop foreclosure Monday, April 28" on the attached Official Form 1, Exhibit D.  Tr. p. 43, Tr2. pp. 54-55.

16.    The Defendant chose Chapter 13 for Mrs. Lewis. Tr2. pp. 55-56.

17.    Mrs. Lewis relied on the Defendant to choose the Chapter that best suit her needs. Tr. p. 45.

18.    The Defendant instructed Mrs. Lewis to sign her completed Chapter 13 bankruptcy petition and Official Form 1, Exhibit D for filing with the Court.

19.    The Defendant failed to provide Mrs. Lewis with a copy of her Chapter 13 bankruptcy petition and Official Form 1, Exhibit D, at the time at which he presented such documents to Mrs. Lewis for her signature. Tr. pp. 43, 62, Tr2. p. 59.

20.    The Defendant failed to place his name, address and social security number on Mrs.

3

Lewis' Chapter 13 petition. Tr2. p. 59.

21.     The Defendant failed to file a written disclosure of the $1,000 cash fee that he collected from Mrs. Lewis on the day the Chapter 13 petition was filed with the Court. Tr2. p. 59.

22.     The Defendant failed to attach to Mrs. Lewis' Chapter 13 petition a written statement or notice, signed by Mrs. Lewis, indicating that the Defendant is not an attorney and may not practice law or give legal advice. Tr. p. 44, Tr2. pp. 59-60.

23.     The Defendant failed to inform Mrs. Lewis and Mr. Lewis that he is not an attorney and may not practice law or give legal advice. Mrs. Lewis and Mr. Lewis believed that the Defendant was an attorney. Tr. pp. 22, 58, 66-70.

24.     The Defendant did not tell Mrs. Lewis and Mr. Lewis explicitly that he has no formal training regarding the preparation of bankruptcy documents.

25.     The Defendant proceeded upstairs to the Clerk's Office to assist Mrs. Lewis in filing her Chapter 13 petition with the Court. The Clerk asked the Defendant if he was "representing" Mrs. Lewis. The Defendant answered that he was "assisting" Mrs. Lewis. The Defendant instructed the Clerk to accept Mrs. Lewis' Chapter 13 petition. For the first time, the Defendant admitted to Mrs. Lewis that he was not a lawyer. Tr. pp. 48-49, 51-52, 65 and 70.

26.     Mrs. Lewis and Mr. Lewis spent approximately two hours working with the Defendant on Mrs. Lewis' bankruptcy case.

27.     Mrs. Lewis' bankruptcy case was dismissed on May 5, 2008 for failure to comply with the Court's order to file bankruptcy documents.

### Cynthia M. Fernandes, Chapter 13 Case No. 08-13725-WCH

28.     Cynthia M. Fernandes ("Ms. Fernandes") currently resides with her husband, Bobil Gales ("Mr. Gales") and their children, at 233 Caroline Street, New Bedford, MA  02740.

4

29.     On May 21, 2008, a voluntary Chapter 13 petition was filed in Ms. Fernandes case. UST

Ex. 4.

30.     Neither Ms. Fernandes nor Mr. Gales made the initial contact with the Defendant.  The

Defendant used information he obtained from a foreclosure notice in the newspaper and the

White Pages to make an unsolicited telephone call to the then residence of Ms. Fernandes and

Mr. Gales, which is located at 51 Julie Place, New Bedford, MA  02740.  Tr2. pp. 61-62.

31.     The Defendant made contact with Mr. Gales and informed him that the Defendant was

aware of a pending foreclosure of the property, which was owned by Ms. Fernandes and, her

former partner, Mr. Tommy Smalls.  Neither Mr. Gales nor Ms. Fernandes had any knowledge of

the pending foreclosure. Tr. pp. 77-78, 117-119.

32.     The Defendant told Mr. Gales that he could help Ms. Fernandes and Mr. Gales to stop the

foreclosure by filing a bankruptcy case. Tr. pp. 78-79, Tr2. pp. 61-62.

33.     The Defendant told Mr. Gales that he was a lawyer and had dealt with these situations

before. Tr. pp. 78-79, 99.

34.      The Defendant advised Mr. Gales that it would cost $1,000 in cash to retain the

Defendant's services.  Tr. pp.  78, 80.

35.     Prior to speaking with the Defendant, Ms. Fernandes and Mr. Gales had never

contemplated filing for bankruptcy. Tr. pp. 82, 121.

36.     The Defendant called back that evening and spoke with Ms. Fernandes.  Tr. pp. 84, 119-

122.

37.     The Defendant told Ms. Fernandes and Mr. Gales to meet the Defendant the next day at

the U.S. Bankruptcy Court in Boston.   Ms. Fernandes and Mr. Gales met the Defendant for the

first time in the lobby of the O'Neill Federal Building.

38.     When Ms. Fernandes and Mr. Gales met the Defendant, they were unfamiliar with bankruptcy laws and procedures. Tr. pp. 82, 122.

39.     The Defendant collected his cash fee of $1,000 from Mr. Gales. Tr. p. 87, Tr2. p. 62.

40.     The Defendant's cash fee of $1,000 included payment to prepare Ms. Fernandes' Chapter 13 petition and Official Form 1, Exhibit D. Tr. pp. 89, 103, 144, Tr2. p. 63.

41.     Ms. Fernandes and Mr. Gales believed that they were paying the Defendant a retainer for bankruptcy services. Tr. pp. 94, 97, 124, 131.

42.     Ms. Fernandes and Mr. Gales thought that the Defendant would represent Ms. Fernandes in all matters pertaining to her bankruptcy case. Tr. pp. 134-135.

43.     The Defendant completed Ms. Fernandes' bankruptcy petition in his own handwriting, checked off "Chapter 13" and wrote "stop foreclosure tomorrow" on the attached Official Form 1, Exhibit D. Tr. pp. 87, 123-125.

44.     Before they met the Defendant, Ms. Fernandes and Mr. Gales had no understanding of the different chapters of the bankruptcy code. Tr. p. 91.

45.     The Defendant chose Chapter 13 for Ms. Fernandes. Tr. p. 127.

46.     Ms. Fernandes and Mr. Gales relied on the Defendant to choose the Chapter that best suit Ms. Fernandes' needs. Tr. p. 128.

47.     The Defendant instructed Ms. Fernandes to sign the completed Chapter 13 bankruptcy petition and Official Form 1, Exhibit D, for filing with the Court.

48.     The Defendant failed to provide Ms. Fernandes with a copy of her Chapter 13 bankruptcy petition and Official Form 1, Exhibit D, at the time at which he presented such documents to Ms. Fernandes for her signature. Tr. p. 126, Tr2. p. 63.

49.     The Defendant failed to place his name, address and social security number on Ms.

6

Fernandes' Chapter 13 petition. Tr2. p. 63.

50.     The Defendant failed to file a written disclosure of the $1,000 cash fee that he collected

from Ms. Fernandes and Mr. Gales on the day the Chapter 13 petition was filed with the Court.

Tr2. p. 63.

51.     The Defendant failed to attach to Ms. Fernandes' Chapter 13 petition a written statement

or notice, signed by Ms. Fernandes, indicating that he is not an attorney and may not practice law

or give legal advice.  Tr. pp. 90, 127, Tr2. pp. 63-64.

52.     The Defendant failed to inform Ms. Fernandes and Mr. Gales that he is not an attorney

and may not practice law or give legal advice.  Ms. Fernandes and Mr. Gales believed that the

Defendant was Ms. Fernandes' bankruptcy attorney.  Tr. pp. 89, 94, 97, 107-111, 117-121.

53.     The Defendant did not tell Ms. Fernandes and Mr. Gales explicitly that he has no formal

training regarding the preparation of bankruptcy documents.

54.     The Defendant directed Ms. Fernandes to sign a general authorization form.  UST. Ex. 5.

Tr. pp. 129-130.

55.     Ms. Fernandes believed that she was authorizing the Defendant to stop the foreclosure by

filing bankruptcy.  Tr. pp. 130-131.

56.     The Defendant proceeded upstairs to the Clerk's Office and instructed Ms. Fernandes to

file her Chapter 13 petition with the Court. The Clerk asked the Defendant if he was

"representing" or "advising" Ms. Fernandes.  The Clerk asked the Defendant if he had prepared

Ms. Fernandes' bankruptcy documents for compensation. For the first time, Ms. Fernandes and

Mr. Gales learned that the Defendant was not Ms. Fernandes' bankruptcy lawyer when the

Defendant admitted to the Clerk that he was "not representing" Ms. Fernandes.  Tr. pp. 93-99,

122, Tr2. p. 25.

57.     Mr. Gales requested that the Defendant return the money that he had collected from Mr.

Gales but the Defendant refused to do so.  Tr. p. 95, Tr2. p. 25.

58.     Mr. Gales called the Boston Police and then the U.S. Marshal Service.  The U.S.

Marshals escorted the Defendant, Mr. Gales and Ms. Fernandes from the Clerk's Office.  The

Defendant, Ms. Fernandes and Mr. Gales each submitted Official Statements to the U.S.

Department of Homeland Security. Tr. pp. 97, 101-102.

59.     Ms. Fernandes and Mr. Gales spent approximately one hour working with the Defendant

on Ms. Fernandes' bankruptcy case.

<u>Patricia Ann Alloway</u>, Chapter 13 Case No. 08-41582-JBR

60.     Patricia Ann Alloway ("Ms. Alloway") currently resides at 3 Louise Street, Maynard,

MA  01754.

61.     On May 16, 2008, a voluntary Chapter 13 petition was filed in Ms. Alloway's case. UST

Ex. 6.

62.     Ms. Alloway did not make the initial contact with the Defendant.  The Defendant used

information he obtained from a foreclosure notice in the newspaper and Directory Assistance

(called 411) and made an unsolicited telephone call to Ms. Alloway. Tr2. p. 65.

63.     The Defendant informed Ms. Alloway that he was aware of the upcoming foreclosure of

Ms. Alloway's then residence, which is located at 87 Florence Avenue, Tewksbury, MA 01876.

The Defendant told Ms. Alloway that he could help her to consider her options and to stop the

foreclosure by filing a bankruptcy case. Tr. pp. 154-156, Tr2. pp. 65-66.

64.     Ms. Alloway informed the Defendant that she had been unemployed for several months.

Tr. p.154.

65.     The Defendant suggested that Ms. Alloway meet the Defendant at the U.S. Bankruptcy

Court.  Ms. Alloway met the Defendant for the first time in the lobby of the O'Neill Federal

Building in Boston.

66.      When Ms. Alloway met the Defendant, she was unfamiliar with bankruptcy laws and

procedures.  Tr. pp. 156-157.

67.      The Defendant collected his cash fee of $1,000 from Ms. Alloway.  Tr. p. 157, Tr2. p. 66.

68.      The Defendant's cash fee of $1,000 included payment to prepare Ms. Alloway's Chapter

13 petition and Official Form 1, Exhibit D. Tr. pp. 155, 159, Tr2. p.66.

69.      Ms. Alloway was under the impression that the Defendant would guide her through the

entire bankruptcy process. Tr. pp. 157, 164-165.

70.      The Defendant completed Ms. Alloway's bankruptcy petition in his own handwriting.

The Defendant checked of "Chapter 13" on Ms. Alloway's petition. Tr. p. 160, Tr2. p. 64.

71.      Before she met the Defendant, Ms. Alloway had no understanding of the different

chapters of the bankruptcy code.  Tr. p. 161.

72.      The Defendant chose Chapter 13 for Ms. Alloway.  Ms. Alloway trusted and relied on the

Defendant to choose the Chapter that best suit her needs. Tr. p. 161.

73.      The Defendant instructed Ms. Alloway to sign the completed Chapter 13 bankruptcy

petition and Official Form 1, Exhibit D, for filing with the Court.

74.      The Defendant failed to provide Ms. Alloway with a copy of her Chapter 13 bankruptcy

petition and Official Form 1, Exhibit D, at the time at which he presented such documents to Ms.

Alloway for her signature. Tr. p. 161, Tr2. p. 67.

75.      The Defendant failed to place his name, address and social security number on Ms.

Alloway's Chapter 13 petition. Tr2. p. 67.

76.      The Defendant failed to file a written disclosure of the $1,000 cash fee that he collected

9

from Ms. Alloway on the day the Chapter 13 petition was filed with the Court. Tr2. p. 67.

77.     The Defendant failed to attach to Ms. Alloway's Chapter 13 petition a written statement

or notice, signed by Ms. Alloway, indicating that he is not an attorney and may not practice law

and cannot give legal advice.  Tr. p. 161, Tr2. pp. 67-68.

78.     The Defendant failed to inform Ms. Alloway that he may not practice law or give legal

advice.

79.     The Defendant failed to tell Ms. Alloway explicitly that he has no formal training

regarding the preparation of bankruptcy documents.

80.     The Defendant assisted Ms. Alloway in filing her Chapter 13 petition with the Clerk of

the Bankruptcy Court.  The Defendant did not tell the Clerk that he prepared Ms. Alloway's

bankruptcy documents.  The Defendant did not tell the Clerk that he had collected his cash fee of

$1,000 from Ms. Alloway just minutes prior to filing the bankruptcy case. Tr. p. 158.

81.     After the filing, Ms. Alloway received a notice from the Bankruptcy Court.  Ms. Alloway

did not understand what the notice from the Bankruptcy Court required her to do.  Ms. Alloway

located the Defendant's telephone number on-line and called the Defendant at home.  When Ms.

Alloway made contact with the Defendant, he told her that if the bankruptcy case was dismissed

she could just file for bankruptcy again.  Tr. pp. 165-166.

82.     Ms. Alloway spent 2 hours working with the Defendant on her bankruptcy case. Tr. pp.

166-167.

83.     Ms. Alloway's case was dismissed on May 30, 2008 for failure to comply with the

Court's order to file bankruptcy documents.

<u>Pamela Mahasin King</u>, Chapter 13 Case No. 08-13324-FJB

84.     Pamela Mahasin King ("Ms. King") resides at 54-56 Catawba Street, Roxbury, MA

02119.

85.    On May 6, 2008, a voluntary Chapter 13 petition was filed in Ms. King's case. UST Ex.

8.

86.    Ms. King did not make the initial contact with the Defendant.  The Defendant used

information he obtained from a foreclosure notice in the newspaper and Directory Assistance

(called 411) and made an unsolicited telephone call to Ms. King. Tr2. p. 69.

87.    The Defendant informed Ms. King that he was aware of the upcoming foreclosure of her

property, which includes her residence and a rental unit.  The Defendant told Ms. King that he

could help her to consider her options, including modification of her home mortgage loan, and to

stop the foreclosure by filing a bankruptcy case. Tr2. pp. 5, 69.

88.    Ms. King informed the Defendant that she was currently in bankruptcy, Chapter 13 Case

No. 07-12828-RS.  Ms. King asked the Defendant to contact her bankruptcy counsel, David

Wardwell, and discuss her pending bankruptcy case.  Tr2. p. 6.

89.    The Defendant called Attorney Wardwell and only discussed a modification of Ms.

King's home mortgage loan.  Attorney Wardwell approved of the Defendant assisting Ms. King

in obtaining a modification of her home mortgage loan.  The Defendant failed to inform Attorney

Wardwell of his plan to prepare another bankruptcy case for Ms. King.  Attorney Wardwell

never authorized the Defendant to file another bankruptcy case for Ms. King. Tr2. pp. 20-22, 69-

70.

90.    The Defendant misrepresented the details of his communication with Attorney Wardwell

when he told Ms. King that Attorney Wardwell had approved the filing of another bankruptcy

case for Ms. King.  Tr2. pp. 6, 69-70.

91.    Ms. King relied on the Defendant's false statement that Attorney Wardwell had

11

authorized the Defendant to file another bankruptcy case. Tr2. p. 16.

92.    The Defendant suggested that Ms. King meet him at the U.S. Bankruptcy Court.  Ms.

King met the Defendant for the first time in the lobby of the O'Neill Federal Building in Boston.

Tr2. p. 70.

93.    The Defendant collected his fee of $1,000 from Ms. King.  Tr2. p. 71.

94.    The Defendant's $1,000 fee included payment to prepare Ms. King's Chapter 13 petition

and Official Form 1, Exhibit D. Tr2. pp. 7-8, 11, 71, UST Ex. 9.

95.    The Defendant filled in Ms. King's Chapter 13 bankruptcy petition in his own

handwriting.

96.    Ms. King relied on the Defendant to choose the Chapter that best suit her needs. Tr2. pp.

9-10.

97.    The Defendant wrote "stop foreclosure tomorrow morning" on Ms. King's Official Form

1, Exhibit D. Tr2. pp. 10-11.

98.    The Defendant directed Ms. King to sign the completed Chapter 13 bankruptcy petition

and Official Form 1, Exhibit D, for filing with the Court. Tr2. p. 12.

99.    The Defendant failed to place his name, address and social security number on Ms.

King's Chapter 13 petition.  Tr2. p. 71.

100.    The Defendant failed to file a written disclosure of the $1,000 fee that he received from

Ms. King on the day the Chapter 13 petition was filed with the Court. Tr2. p. 71.

101.    The Defendant failed to attach to Ms. King's Chapter 13 petition a written statement or

notice, signed by Ms. King, indicating that he is not an attorney and may not practice law or give

legal advice. Tr2. p. 72.

102.    The Defendant assisted Ms. King in filing her Chapter 13 petition with the Clerk of the

U.S. Bankruptcy Court. The Defendant did not tell the Clerk that he had collected his $1,000 fee from Ms. King just minutes prior to filing the bankruptcy case. Tr2. p. 14.

103.   After the filing, Ms. King called the Defendant to inquire about any progress regarding the modification of her home mortgage loan. Tr2. pp. 14-15.

104.   Although the Defendant had directed Ms. King to sign a general authorization form, Ms. King never participated in any conversations involving the Defendant and her lender and no modification was achieved. Tr2. pp. 11, 15, UST Ex. 10.

105.   Ms. King spent approximately three hours working with the Defendant on her bankruptcy case.

106.   Ms. King's bankruptcy case was dismissed on May 28, 2008 for failure to file schedules.

Defendant
David Coleman d/b/a Mortgage Finders of New England

107.   The Defendant has operated Mortgage Finders of New England as a sole proprietorship since 1985 from his home office, located at 70 Worcester Street, Methuen, MA 01844. Tr2. p. 35.

108.   The Defendant is not a licensed attorney. The Defendant is not employed by a licensed attorney or working under the direct supervision of any attorney regarding the preparation of bankruptcy documents. The Defendant does not consult with an attorney regarding his preparation of bankruptcy documents. Tr2. p. 38

109.   The Defendant has no formal legal education. The Defendant has received no training regarding bankruptcy process or the preparation of bankruptcy documents. Tr2. p. 35.

110.   The Defendant began preparing bankruptcy documents in April of 2008. Tr2. p. 36.

111.   The Defendant charges his bankruptcy clients a flat fee of $1,000, payable in cash. Tr2. p. 38.

13

112.   The Defendant has collected a fee and prepared bankruptcy documents for over thirty

clients. Tr2. p. 36.

113.   The Defendant is responsible for making all advertising decisions and soliciting his

bankruptcy clients. The Defendant advertises his business in the Verizon Yellow Pages and by

disseminating flyers and business cards. The Defendant solicits potential bankruptcy clients by

mail. The Defendant's direct mail solicitation states that the Defendant "specializes in

bankruptcy…." The Defendant holds himself out to the public as an expert in bankruptcy. The

Defendant locates the names of potential bankruptcy clients by purchasing lists from the Warren

Group and facilitating on-line searches at the Registry of Deeds. The Defendant seeks out

potential bankruptcy clients by reviewing foreclosure notices on-line and in local newspapers.

Tr2. pp. 39-42

114.   The Defendant targets potential bankruptcy clients who he knows are in default or facing

foreclosure. Tr2. p. 42.

115.   The Defendant makes unsolicited telephone calls to potential bankruptcy clients at a time

when they are facing imminent foreclosure. Tr2. p. 42.

116.   The Defendant tells the potential bankruptcy clients that he can help them to consider

their options and to stop the upcoming foreclosure. The Defendant tells the potential bankruptcy

clients that he can help them to file bankruptcy.   Tr2. pp. 42-43.

117.   The Defendant tells the potential bankruptcy clients that he has helped other clients to

file bankruptcy cases. Tr2. p. 43.

118.   The Defendant suggests that he and the potential bankruptcy client meet for the first time

at the U.S. Bankruptcy Court located in Worcester or in Boston. Tr2. p. 45.

119.   The Defendant collects his cash fee of $1,000 from the bankruptcy client at or near the

U.S. Bankruptcy Court. Tr2. p. 38.

120.    The $1,000 cash fee collected by the Defendant includes payment to prepare the client's bankruptcy documents. Tr2. pp. 44-45.

121.    The Defendant provides the bankruptcy client with a Chapter 13 petition completed in the Defendant's own handwriting and instructs the client to sign the petition for filing with the Court.

The Defendant checks off "Chapter 13" on the bankruptcy petition. Tr2. pp. 44-46.

122.    The Defendant speaks with his client about the different chapters of the bankruptcy code. The Defendant has no knowledge of whether his bankruptcy client has any understanding of the bankruptcy code provisions and procedures. Tr2. pp. 47-48.

123.    The Defendant fails to list his name, address and social security number on the debtor's Chapter 13 bankruptcy petition.

124.    The Defendant fails to furnish the debtor with a copy of the Chapter 13 petition and Official Form 1, Exhibit D at the time at which such bankruptcy documents are presented for the debtor's signature. Tr2. p. 48

125.    The Defendant fails to file a written disclosure of the $1,000 fee that he receives from his bankruptcy client on the day the Chapter 13 petition was filed with the Court.

126.    The Defendant fails to obtain the bankruptcy client's signature on a written notice that informs the debtor in simple language that the Defendant is not an attorney and may not practice law or give legal advice. Tr2. pp. 45, 51-53.

127.    The Defendant's bankruptcy clients do not direct him in which forms should be filed with the Court. Tr2. p. 47.

128.    The Defendant's bankruptcy clients do not direct him in where to place their personal

financial information on the Chapter 13 bankruptcy petitions filed with the Court.

129.    The Defendant communicates with creditors on behalf of his bankruptcy clients. Tr2. pp.

49-50.

130.    On July 1, 2008, Judge Hillman entered an order allowing the United States Trustee's

motion for preliminary injunction indicating that the Defendant must operate in compliance with

11 U.S.C. § 110.[1]   Tr2. pp. 72-73, UST Ex. 12.

131.    The Defendant collected fees and prepared bankruptcy documents in over thirty cases

including, but not limited to the following:

### DAVID COLEMAN'S DEBTORS

|   | PETITION DATE | CASE NO. | DEBTOR'S NAME | DOLLAR AMT. |
|---|---|---|---|---|
| 1 | Mar 18, 2008 | 08-11849-WCH | Eugene Daniel Cardoza | $1,000 |
| 2 | Mar 25, 2008 | 08-40912-HJB | Lori Ann Pestana | $1,000 |
| 3 | Apr 22, 2008 | 08-12882-WCH | Thomas John Lepak | $1,000 |
| 4 | Apr 25, 2008 | 08-12974-JNF | Susan Whitney Lewis - *See* Plaintiff's Exhibits 1 -3 | $1,000 |
| 5 | Apr 29, 2008 | 08-13079-WCH | Darren J. LeVorce | $1,000 |
| 6 | May 06, 2008 | 08-13324-JF | Pamela Mahasin King - *See* Plaintiff's Exhibits 8-10 | $1,000 |
| 7 | May 14, 2008 | 08-30714-HJB | Erin Ann Foley | $ 700 |
| 8 | May 15, 2008 | 08-41575-JBR | Steven W. Rifenburgh & Mildred F. Rifenburgh | $1,000 |
| 9 | May 16, 2008 | 08-41582-JBR | Patricia Ann Alloway - *See* Plaintiff's Exhibits 6-7 | $1,000 |
| 10 | May 21, 2008 | 08-13706-WCH | Robin Marie Crocker | $1,000 |
| 11 | May 21, 2008 | 08-13725-WCH | Cynthia M. Fernandes - *See* Plaintiff's Exhibits 4-5 | $1,000 |
| 12 | May 22, 2008 | 08-41642-JBR | Alan P. Stately & Laurie A. Stately | $ 500 |
| 13 | Jun 10, 2008 | 08-41853-JBR | Marcia L. Hoey | $1,000 |
| 14 | Jun 10, 2008 | 08-14256-JNF | Linda Tate | $1,000 |
| 15 | Jun 12, 2008 | 08-14312-JF | Donald Marc Vallieres | $1,000 |
| 16 | Jun 12, 2008 | 08-41877-JBR | Sebastian B. Cota | $1,000 |
| 17 | Jun 24, 2008 | 08-14607-JF | Priscilla Brennan Campbell | $1,000 |
| 18 | Jul 03, 2008 | 08-14949-WCH | Donald E. Cunningham | $1,000 |
| 19 | Jul 21, 2008 | 08-31052-HJB | Stephen Domenic Napoli | $1,000 |
| 20 | Jul 28, 2008 | 08-31080-HJB | Stephen Patrick Gray | $1,000 |

---

[1]   See *In re Cynthia Fernandes*, Chapter 13 Case No. 08-13725- WCH, Adv. P. No. 08-1184-JBR (D.E. # 7).

| 21 | Aug 18, 2008 | 08-16100-WCH | Cynthia Jean Gordinier | $1,000 |
| 22 | Aug 26, 2008 | 08-16371-WCH | Charlene Bonadies | $1,000 |
| 23 | Sep 02, 2008 | 08-42820-JBR | Julia Lynn Ibell | $1,000 |
| 24 | Sep 12, 2008 | 08-16816-WCH | Ricardo E. Weir | $1,000 |
| 25 | Sep 15, 2008 | 08-42933-JBR | Phyllis Virginia DeMerchant | $1,000 |
| 26 | Oct 01, 2008 | 08-41273-JBR | Michael Paul Marzilli | $1,000 |
| 27 | Oct 14, 2008 | 08-43288-JBR | Robert C. Corthell | $1,000 |
| 28 | Oct 28, 2008 | 08-18148-JNF | Michael George Miele | $1,000 |
| 29 | Nov 12, 2008 | 08-18622-WCH | Paul Francis Berchtold | $1,000 |
| 30 | Dec 01, 2008 | 08-19190-WCH | Michael J. Porper | $1,000 |
| 31 | Dec 11, 2008 | 08-19470-JNF | Alfred Della Croce | $1,000 |
| 32 | Dec 11, 2008 | 08-44053-JBR | Kristin Marie Ward | $ 700 |

Tr2. p. 73, Transcript Volume 3 pp. 30-35, UST Ex. 14.

132.    The Defendant has been on notice of the requirements of section 110 and its applicability to his conduct since the issuance of Judge Hillman's order on July 10, 2008. Tr2. pp. 72-73.

133.    On December 11, 2008, the Commonwealth of Massachusetts ("Commonwealth") commenced an action against the Defendant alleging numerous violations of M.G.L. c. 93A (*Commonwealth of Massachusetts v. David Coleman d/b/a Mortgage Finders of New England*, Civil Docket ESCV2008-02407).  On December 16, 2008, Justice Marita A. Hopkins entered an order of preliminary injunction against the Defendant in the Commonwealth's action.Tr2. pp. 73-74, UST Ex. 13.

## CONCLUSIONS OF LAW

134.    Section 110 is designed to protect consumers from abuses by non-attorneys.  Courts apply the definition of 11 U.S.C. § 110(a) broadly in rendering a person a bankruptcy petition preparer.  The Defendant is a bankruptcy petition preparer. *See In re McGill*, 2007 WL 1119939 (Bankr. E.D. Tenn. Apr. 13, 2007); *In re Reynoso*, 477 F.3d 1117, 1123 (CA9 2007); *In re Springs*, 358 B.R. 236, 241 n. 4 (Bankr. M.D.N.C. 2006); *In re Hennerman*, 351 B.R. 143, 148-

17

49 (Bankr. D. Colo. 2006); *In re Thomas*, 315 B.R. 697, 703-04 (Bankr. N.D. Ohio 2004); *In re Jolly*, 313 B.R. at 301 (Bankr. S.D. Iowa 2004); *In re Pillot*, 286 B.R. 157 (Bankr. C.D. Cal. 2002); *In re Willman*, 1997 WL 781878 (Bankr. E.D. Pa. Dec. 18, 1997); *Ferm v. United States (In re Crowe)*, 243 B.R. 43 (CA9 2000); *In re Landry*, 250 B.R. 441 (Bankr. M.D. Fla. 2000); *In re Gaftick*, 333 B.R. 177 (Bankr. E.D.N.Y. 2005); *In re Moore*, 290 B.R. 287, 293 (Bankr. E.D. 2003); *In re Moffett*, 263 B.R. 805 (Bankr. W.D. Ky. 2001); *In re Farness*, 244 B.R. 464 (Bankr. D. Idaho 2000). The Defendant's argument that he is not a bankruptcy petition preparer fails.

135.     Under 11 U.S.C. § 110(j)(1), the United States Trustee in the district in which the petition preparer has conducted business may bring a civil action to enjoin a preparer from engaging in any conduct in violation of 11 U.S.C. § 110 and from further acting as a bankruptcy petition preparer. Under 11 U.S.C. § 110 (j)(2)(B), if the Court finds that the preparer has continually engaged in certain conduct described in 11 U.S.C. § 110(j)(2)(A)(i)(I)-(III), the Court may enjoin the person from acting as a bankruptcy petition preparer. Accordingly, the identity of any and all cases in which the Defendant has been involved in this district is appropriate for the Court to determine whether the Defendant has continually engaged in the referenced conduct. *In re Reynoso*, 477 F.3d 1117, 1123 (CA9 2007); *In re Graves*, 279 B.R. 266, 277 (9th Cir. BAP 2002)(court must determine that the preparer has "continually engaged" in conduct described in § 110(j)(2)(A)); *In re Crowe*, 243 B.R. 43, 46 (9th Cir. BAP 2000)(among the complaint's allegations was that the preparer had violated various provisions of § 110 in other cases); *In re Dunkle*, 272 B.R. 450, 456 (Bankr. W.D. Pa. 2002)(finding the preparer had continually engaged in such conduct warranted a district-wide injunction); *In re Bradshaw*, 233 B.R. 315, 326-329 (Bankr. D. N.J. 1999)(finding preparer continually flaunted requirements of section 110); *In re Hartman*, 208 B.R. 768 (Bankr. D. Mass. 1997)(finding numerous violations of section 110 in

subject case and evidence preparer violated section 110 in two other cases); *In re Wilman*, 1997

WL 781878 (Bankr. E.D. Pa. December 18, 1997)(Preparer "in response to our requests, has

disclosed that it has represented approximately 150 debtors in most jurisdictions of the U.S.").

136.    The Defendant has continually and intentionally violated section 110 and engaged in the

unauthorized practice of law.

137.    The Defendant has continually and intentionally violated 11 U.S.C. §§ 110(b)(1) and

(c)(1) by failing to sign and to place his name, address and social security number on each

Chapter 13 bankruptcy petition prepared for filing with the Court.

138.    The Defendant has continually and intentionally violated 11 U.S.C. § 110(b)(2) (A) and

(B)(i),(ii) and (iii)(I) and (II) in that before preparing any document for filing or accepting any

fee from a debtor, the Defendant failed to provide to each debtor a written notice informing each

debtor in simple language that the Defendant is not an attorney and may not practice law or give

legal advice, to obtain the debtor's signature on such notice and to file such notice with any

document for filing.

139.    The Defendant has continually and intentionally violated 11 U.S.C. § 110(d) in that he

failed to not later than the time at which each Chapter 13 petition was presented for each

debtor's signature, furnish to each debtor a copy of the Chapter 13 petition.

140.    The Defendant has continually and intentionally violated 11 U.S.C. § 110(e)(2)(A) in that

he offered each debtor legal advice including to file a petition under Chapter 13.

141.    The Defendant has continually and intentionally violated 11 U.S.C. § 110(h)(2) by failing

to file together with each Chapter 13 petition a declaration disclosing the $1,000 fee that he

collected from or on behalf of each debtor within 12 months immediately prior to the filing of

the case and any unpaid fee charged to each debtor.

19

142.    The Defendant is assessed the maximum fines available under 11 U.S.C. §§ 110 (b), (c),

(d), (e) and (h). The Defendant is further assessed triple the amount of such fines in that the

Defendant prepared documents for filing in each case in a manner that failed to disclose his

identity per 11 U.S.C. § 110(L)(2)(D) . The Defendant shall pay these fines totaling $34,500, in

the form of a certified check or a money order, to the United States Trustee and provide proof of

such payment to the Court within sixty days of the date of any Judgment.

143.    The Defendant overcharged his bankruptcy clients as the value of his services is

negligible. The Defendant's argument that his fees are reasonable fails.

144.    The Defendant engaged in the unauthorized practice of law. The Defendant's argument

that he gave no legal advice to his bankruptcy clients fails.

145.    The Defendant has intentionally concealed his involvement as a bankruptcy petition

preparer.

146.    The Defendant shall disgorge to Chapter 13 debtors, Susan Whitney Lewis, Cynthia M.

Fernandes, Patricia Ann Alloway and Pamela Mahasin King, $1,000 each, payable in the form of

a certified check or a money order, due to the Defendant's continuous and intentional failure to

comply with each subsection of 11 U.S.C. § 110 per 11 U.S.C. § 110(h)(3)(B). The Defendant

shall provide proof of payment of each debtor to the United States Trustee and to the Court

within sixty days of the date of any Judgment.

147.    The Defendant shall pay to Chapter 13 debtors, Susan Whitney Lewis, Cynthia M.

Fernandes, Patricia Ann Alloway and Pamela Mahasin King, damages in the sum of $2,000

each, in the form of a certified check or a money order, in that the Defendant has continually and

knowingly violated numerous subsections of 11 U.S.C. § 110 and has committed fraudulent,

unfair or deceptive acts as to each debtor per 11 U.S.C. § 110(i).   The Defendant shall provide

20

proof of payment of each debtor to the United States Trustee and to the Court within sixty days

of the date of any Judgment.

148.    The Defendant has continually and knowingly engaged in conduct which violates 11

U.S.C. §§ 110(b), (c), (d), (e) and (h) and constitutes the unauthorized practice of law.  An

injunction which prohibits the Defendant from violating the various provisions of section 110 is

insufficient to prevent the Defendant's interference with the proper administration of Title 11.

Only injunctive relief which bars the Defendant from acting as a bankruptcy petition preparer

will prevent injury to an unsuspecting public and alleviate the burden on the bankruptcy court

system.

149.    The Defendant and any person or entity acting in concert with him is permanently

restrained and enjoined from directly or indirectly: i) acting as a bankruptcy petition preparer;

and ii) soliciting, assisting, advising, providing legal guidance, advice, assistance, or consultation

of any kind to any person in connection with the filing or prosecution of any bankruptcy case or

any document in any bankruptcy case, whether for a fee or for free, in the District of

Massachusetts[2] including the preparation of documents for filing in federal jurisdictions outside

---

[2]    The Court has discretion to issue a statewide, region wide or nationwide injunction.  *In re Bonnarrigo*, 282 B.R.
101 (D. Ma. 2002)(affirming statewide injunction); *In re Bodnar*, 1998 WL 480856 (E.D. Pa. August 13,
1998)(denying mandamus and affirming a nationwide injunction); *In re Gavin*, 181 B.R. 814, 825 (E.D. Pa. 1995),
*adopted* 184 B.R. 670 (E.D. Pa. 1995)(nationwide injunction warranted because of preparer's egregious
unauthorized practice of law and § 110 violations-"A nationwide injunction appears clearly authorized by §§
110(j)(1) and (j)(2)(B), since they speak in terms of entry of an injunction preventing a person from acting as a
preparer anywhere."); *In re Weatherly*, 1993 WL 268546 (E.D. Pa. July 15, 1993)(affirming a nationwide
injunction); *In re Wagner*, 241 B.R. 112, 123 (Bankr. E.D. Pa. 1999)(nationwide injunction prohibiting all of
preparer's petition preparer activities pursuant to § 110(J)(2)(B)); *In re Bradshaw*, 233 B.R. 315, 329 (Bankr. D.
N.J. 1999)(nationwide injunction prohibiting all of preparer's petition preparer activities pursuant to §
110(J)(2)(B)); *In re Gabrielson*, 217 B.R. 819, 828 (Bankr. D. Ariz. 1998)(enjoining preparer "in the District of
Arizona or in any federal district in which he might now or subsequently locate"); *In re Willman*, 1997 WL 781878
(Bankr. E.D. Pa. Dec. 18, 1997), *adopted sub nom. In re Bell*, Misc. No. 98-1 (E.D. Pa. March 25,
1998)(nationwide); *In re Stacy*, 1997 WL 178852 (Bankr. D. Or. April 3, 1997)(nationwide injunction from acting
as a preparer); *In re Paskel*, 201 B.R. 511 (Bankr. E.D. Ark. 1996)(Eastern and Western Districts of Ark.); *In re
Brokenbrough*, 197 B.R. 839, 845 (Bankr. S.D. Ohio 1996)(In view of the court's conclusions with regard to
violations of § 110 in this case, the findings of fraudulent, unfair or deceptive conduct, as well as the existence of
three other injunctions with respect to preparer, permanent injunction from acting as preparers and engaging in the
unauthorized practice of law in this jurisdiction and other jurisdictions within the United States); *In re Schweitzer*,

of the District of Massachusetts pursuant to 11 U.S.C. § 110(j)(2)(A) and (B).

150.    The Court shall retain jurisdiction of this matter for all purposes, including to enable any party to the Judgment to apply to the Court at any time for such further orders and directions as may be necessary or appropriate for the construction or implementation of the Judgment; to enable the Court on it's own motion or upon appropriate motion by either party, with service on the other, to modify the provisions of the Judgment or to enforce compliance with any of the provisions of the Judgment, or to punish violations of any of the provisions of the Judgment.

Dated: _____        _____
                                      JOEL B. ROSENTHAL,
                                      UNITED STATES BANKRUPTCY COURT JUDGE

---

196 B.R. 620, 626 (Bankr. M.D. Fla. 1996)(statewide); *In re Stacy*, 193 B.R. 31, 39 (Bankr. D. Or. 1996)(nationwide injunction imposed as to § 110 violations, but not as to unauthorized practice of law; and *In re Kimberly R. Hayden*, Case No. 08-14352-WCH, Adv. P. No. 08-1273, slip. op. (Bankr. D. Mass. December 12, 2008)(D.E. #7)(injunction in and from Massachusetts). In this consolidated proceeding, the United States Trustee seeks an injunction in and from the District of Massachusetts.