UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

In re: PATRICIA ANN ALLOWAY,            Chapter 13
                                        Case No. 08-41582-JBR

DEBTOR

PHOEBE MORSE,
UNITED STATES TRUSTEE           Adv. P. No. 08-4132-JBR
                                Adv. P. No. 08-1184-JBR
PLAINTIFF                       Adv. P. No. 08-1198-JBR
                                Adv. P. No. 08-1232-JBR
                                Consolidated Adversary Proceeding
V.
DAVID COLEMAN d/b/a MORTGAGE FINDERS
OF NEW ENGLAND,

DEFENDANT

FINAL JUDGMENT

In connection with the Court's Memorandum of Decision of even date herewith and this consolidated adversary proceeding being a core proceeding as to which this Court has jurisdiction of the subject matter and the parties in accordance with 28 U.S.C. §§ 157(b) and 1334 and 11 U.S.C. §§ 105(a) and 110(j)(1), (2)(A) and (2)(B):

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, is a bankruptcy petition preparer as defined under 11 U.S.C. §§ 110 (a) (1);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, has continually and intentionally engaged in

1

actions which constitute violations of 11 U.S.C. § 110 (b)(1), and is therefore, subject to the maximum fine of $500 for each violation pursuant to 11 U.S.C. § 110 (l)(1);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, has continually and intentionally engaged in actions which constitute violations of 11 U.S.C. § 110(b)(2)(A) and (B)(i),(ii) and (iii)(I) and (II), and is therefore, subject to the maximum fine of $500 for each violation pursuant to 11 U.S.C. § 110 (l)(1);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, has continually and intentionally engaged in actions which constitute violations of 11 U.S.C. §§ 110 (c)(1), and 110 (c)(2), and is therefore, subject to the maximum fine of $500 for each violation pursuant to 11 U.S.C. § 110 (l)(1);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, has continually and intentionally engaged in actions which constitute violations of 11 U.S.C. § 110(d), and is therefore, subject to the maximum fine of $500 for each violation pursuant to 11 U.S.C. § 110 (l)(1);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, has continually and intentionally engaged in actions which constitute violations of 11 U.S.C. § 110(e)(2)(A), and is therefore, subject to the maximum fine of $500 for each violation pursuant to 11 U.S.C. § 110 (l)(1);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, has continually and intentionally engaged in actions which constitute violations of 11 U.S.C. § 110(h)(2), and is therefore, subject to the

maximum fine of $500 for each violation pursuant to 11 U.S.C. § 110 (l)(1);

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, has continually and intentionally engaged in actions which constitute violations of 11 U.S.C. § 110 (l)(2)(D), and is therefore, subject to triple the fines assessed for each violation of 11 U.S.C. §§ 110 (b), (c), (d), (e) and (h) pursuant to 11 U.S.C. § 110 (l)(1). The Defendant shall make payment of such fines totaling $34,500, in the form of a certified check or a money order, to the Office of the United States Trustee, T.P. O'Neill, Jr. Federal Building, Room 1184, 10 Causeway Street, Boston, MA 02222 and file a declaration in this consolidated adversary proceeding executed under penalty of perjury which evidences the amount of the fines paid to the Office of the United States Trustee and the manner in which such payment was accomplished within sixty days of the date of this Judgment;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, shall disgorge to Chapter 13 debtors, Susan Whitney Lewis of 2544 Centerville Turnpike, Chesapeake, VA 23322, Cynthia M. Fernandes of 233 Caroline Street, New Bedford, MA 02740, Patricia Ann Alloway of 3 Louise Street, Maynard, MA 01754, and Pamela Mahasin King of 54-56 Catawba Street, Roxbury, MA 02119, $1,000 each, payable in the form of a certified check or a money order, due to the Defendant's continuous and intentional failure to comply with each subsection of 11 U.S.C. § 110 per 11 U.S.C. § 110(h)(3)(B). The Defendant shall file a declaration in this consolidated adversary proceeding executed under penalty of perjury which evidences the amount disgorged to each Chapter 13 debtor and the manner in which such disgorgement was accomplished within sixty days of the date of this Judgment;

3

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, shall pay to Chapter 13 debtors, Susan Whitney Lewis of 2544 Centerville Turnpike, Chesapeake, VA 23322, Cynthia M. Fernandes of 233 Caroline Street, New Bedford, MA 02740, Patricia Ann Alloway of 3 Louise Street, Maynard, MA 01754, and Pamela Mahasin King of 54-56 Catawba Street, Roxbury, MA 02119, the sum of $2,000 each, in the form of a certified check or a money order, in that the Defendant has continually and knowingly violated numerous subsections of 11 U.S.C. § 110 and has committed fraudulent, unfair or deceptive acts as to each debtor per 11 U.S.C. § 110(i). The Defendant shall file a declaration in this consolidated adversary proceeding executed under penalty of perjury which evidences the amount of the damages paid to each Chapter 13 debtor and the manner in which such payment was accomplished within sixty days of the date of any Judgment; and

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that the Defendant, David Coleman d/b/a Mortgage Finders of New England, has continually and intentionally engaged in actions which violate 11 U.S.C. §§ 110(b), (c), (d), (e) and (h) and constitute the unauthorized practice of law. An injunction which prohibits the Defendant from violating the various provisions of section 110 is insufficient to prevent the Defendant's interference with the proper administration of Title 11. Only injunctive relief which bars the Defendant from acting as a bankruptcy petition preparer will prevent injury to an unsuspecting public and alleviate the burden on the bankruptcy court system. The Defendant and any person or entity acting in concert with him is permanently restrained and enjoined from directly or indirectly: i) acting as a bankruptcy petition preparer; and ii) soliciting, assisting, advising, providing legal guidance,

advice, assistance, or consultation of any kind to any person in connection with the filing or prosecution of any bankruptcy case or any document in any bankruptcy case, whether for a fee or for free, in the District of Massachusetts including the preparation of documents for filing in federal jurisdictions outside of the District of Massachusetts pursuant to 11 U.S.C. § 110(j)(2)(A) and (B).

Date:  February 18, 2009

                                                        Joel B. Rosenthal

                                                        United States Bankruptcy Judge